UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
KENDALL A. NASHID,                                                :
:
                               Plaintiff,   :
                  -v-                           :
:
CAROLYN W. COLVIN, *Commissioner of Social*                       :
*Security*,                                                       :
:
                               Defendant.   :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2014

12 Civ. 8564 (PAE) (HBP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the August 6, 2014 Report and Recommendation ("Report") of Magistrate Judge Henry B. Pitman, recommending that the Court grant plaintiff's counsel attorneys' fees and costs. For the following reasons, the Court adopts the Report in full.

I.    **Background and Procedural History**

On November 26, 2012, plaintiff Kendall A. Nashid ("Nashid") filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding him ineligible for Supplemental Security Income ("SSI") benefits. Dkt. 1. On April 29, 2013, defendant Commissioner—then Michael J. Astrue, now Carolyn W. Colvin—filed an Answer. Dkt. 7.

On June 20, 2013, Nashid moved for judgment on the pleadings. Dkt. 10, 11. On January 21, 2014, while that motion was pending but before the defendant had filed an opposition or cross-motion, the parties stipulated to an order remanding the matter to the Commissioner for further administrative proceedings. Dkt. 22. On February 12, 2014, Nashid

moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412. Dkt. 24, 26. Defendant did not oppose the motion.

On August 6, 2014, Judge Pitman issued the Report, recommending that Nashid's motion for attorneys' fees and costs be granted in full. Dkt. 27 ("Report"). The Report explained that "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.'" *Id.* at 2 (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)) (alteration in original). Here, the remand qualifies Nashid for prevailing party status, *id.* at 2–3; the Commissioner did not satisfy her burden of demonstrating that the Government's position was substantially justified, *id.* at 3; and there is no evidence of special circumstances that would make an award of attorneys' fees unjust, *id.* at 3–4. The Report therefore concluded that Nashid is entitled to an award of attorneys' fees and costs. *Id.* at 4. The Report further concluded that the amounts requested by plaintiff's counsel were reasonable in light of the time and effort the case required and the statutory billing rate. *Id.* at 4–8.

The deadline for parties to file objections to the Report was August 25, 2014. *Id.* at 9. To date, no objections have been filed.

**II. Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC) (AJP), 2009 WL

2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Mims v. Walsh*, No. 04 Civ. 6133 (BSJ) (FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)).

Because neither Nashid nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 9 (emphases omitted), the failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Nashid's motion for $6,012.41 in attorneys' fees and $350 in costs is therefore granted. The Clerk of Court is directed to terminate the motion pending at docket number 24.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 25, 2014
New York, New York